# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2011

No. 10-50550
Summary Calendar

Lyle W. Cayce
Clerk

RICARDO CARDENAS,

Plaintiff-Appellant

v.

SAN ANTONIO POLICE DEPARTMENT; RUBEN GONZALES, Police Officer,
Badge #1429; FNU SANTOS, Police Officer; ABEL BARRIENTEZ, Police
Officer; ARTHUR F. LOPEZ, Police Officer; ROBERT MARTINEZ, Sergeant,
Badge #3288; JOSE ARZOLA, Police Officer, Badge #1502; JAIME MARTINEZ,
Police Officer, Badge #0262; JOSEPH FLORES, Police Officer, Badge #1563;
RICHARD MARTINEZ, Police Officer, Badge #1221; HECTOR GALLARDO,
Police Officer, Badge #1551,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-596

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Ricardo Cardenas appeals from the district court's

dismissal of his civil rights claims, filed pursuant to 42 U.S.C. § 1983, and state

law claims against the defendants. The district court granted the City of San

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Antonio's motion to dismiss only as to the official-capacity claims against the individual defendants and granted the defendants' motions for summary judgment as to the remaining claims.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Because the defendants sought qualified immunity in their motions for summary judgment, the magistrate judge specifically notified Cardenas, who was proceeding pro se at the time, of his burden to rebut that defense and present any necessary evidence in support of his response. *See Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). Cardenas did not present or reference any evidence of a genuine issue of material fact in his responses to the defendants' summary judgment motions.

On appeal, Cardenas challenges the district court's grant of summary judgment for the defendants as to his various claims. Because he does not discuss his claim for intentional infliction of emotional distress, however, he has abandoned his challenge to the denial of that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The competent summary judgment evidence presented by defendants in district court support a determination of probable cause for the defendant police officers to stop and arrest Cardenas, which therefore precludes his claims for false arrest and false imprisonment. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009); *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex. App. 1996). That evidence also shows that the defendant police officers did not exert excessive force on Cardenas and did not commit battery against him. *See Hill v. Carroll County, Miss.*, 587 F.3d 230, 234 (5th Cir. 2009); TEX. PENAL CODE ANN. § 9.51(a); *Baribeau v. Gustafson*, 107 S.W.3d 52, 60-61 (Tex. App. 2003). Moreover, because the individual defendants did not inflict any constitutional harm on Cardenas, the district court properly granted summary

judgment for the City of San Antonio. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Accordingly, the judgment of the district court is AFFIRMED.